IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Ryan Wenzel, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 C 50226 |
| | ) | |
| vs. | ) | |
| | ) | Judge Philip G. Reinhard |
| Target Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons stated below, plaintiff's motions to amend [8] and to remand [7] are denied.

**STATEMENT-OPINION**

Plaintiff, Ryan Wenzel, brought this action against defendant, Target Corporation ("Target"), in state court alleging a state law claim for retaliatory discharge. Defendant removed [1] to this court premised on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1). Subject matter jurisdiction is proper because plaintiff is a citizen of Illinois, defendant is a Delaware corporation with its principal place of business in Minnesota, and the amount in controversy exceeds $75,000. Plaintiff moves to amend [8] his complaint to add a nondiverse defendant, Jenneba Fofana, and to remand [7] based on post-amendment lack of diversity of citizenship.

Plaintiff's complaint alleges he was the store director at the Target Rockford, Illinois store. Fofona was plaintiff's "immediate up the chain report." Dkt. 1-1, p. 6. On or about December 14, 2019, Fofona terminated plaintiff without notice, progressive discipline or prior warning. Id. Prior to plaintiff's termination Fofona had repeatedly requested that plaintiff falsify company records concerning one of plaintiff's subordinates "to delete or non-report to [the subordinate's] employment records her inadequate performance in the discharge of her job duties and responsibilities." Id. Plaintiff alleges he was fired in retaliation for his refusal take the "illegal and unethical" actions Fofona asked him to take. The complaint asserts a claim against only defendant, Target.

Plaintiff now seeks to amend the complaint to join Fofona as a second defendant. Fofona was the Target employee who effected plaintiff's firing. He alleges she did so in retaliation for his refusal to falsify the employment records of his subordinate. Fofona is a citizen of Illinois, as is plaintiff. Joining Fofona as a defendant would destroy diversity jurisdiction and require remand to state court.

1

Defendant filed a response to the motions to amend and remand arguing the fraudulent joinder doctrine bars joining the proposed nondiverse defendant. Defendant contends plaintiff seeks to join Fofana strictly to destroy diversity jurisdiction and that joining her would be futile because plaintiff cannot state a retaliatory discharge claim against her under controlling Illinois law.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009). The court should consider the following factors in determining whether post-removal joinder of a nondiverse party is appropriate: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." Id.

Neither party directly discusses these four factors. In his motions, plaintiff makes no argument for allowing joinder. He simply asserts that his attempt to join Fofana is made in good faith and notes he made a motion to add her while the case was still in state court prior to defendant filing notice of removal. Defendant's fraudulent joinder argument goes to plaintiff's motive for seeking joinder --Schur factor (1). Id. at 764. Plaintiff has not filed a reply memorandum to rebut defendant's argument.

"[A]lthough the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under § 1447(e)." Id. "But the fraudulent joinder doctrine is not dispositive of whether joinder is improper; it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party. After all, the doctrine is but one means to discern whether the plaintiff sought only to destroy complete diversity." Id. (emphasis in original).

Fraudulent joinder analysis requires the court to "ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant." Id. (quotation marks and citation omitted.) "In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." Id.

Illinois law limits retaliatory discharge claims to claims against the employer. It does not allow such claims against other employees including the employee who carried out the discharge of the claimant on behalf of the employer. Buckner v. Atlantic Plant Maintenance, Inc., 694 N.E.2d 565, 569 (Ill. 1998). Plaintiff seeks to amend the complaint to allow him to pursue a claim against Fofana for firing him in retaliation for plaintiff's refusal to take "illegal and unethical" actions Fofana asked him to take. However, under Illinois law Fofana cannot be liable to plaintiff for retaliatory discharge. Plaintiff has no reasonable possibility of prevailing on a retaliatory discharge claim against Fofana.

Plaintiff has not offered any argument that he has some other claim against Fofana. His proposed amended complaint (Dkt 8-1) alleges only that he was fired in retaliation for not taking the actions Fofana asked him to take. This is his only asserted claim against Fofana and Illinois law precludes him from recovering on it.

Because plaintiff has no reasonable possibility of prevailing on his only claim against Fofana, application of the fraudulent joinder doctrine suggests that his motive in joining her was to destroy complete diversity. He has not asserted any other motive. The fact he sought to join her in the state court prior to removal does not weigh in his favor as doing so, given the lack of a reasonable possibility of recovery, appears to have been an attempt to avoid removal in the first place. Thus, the first <u>Schur</u> factor, "the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction", weighs against allowing joinder of Fofana as a defendant.

"Timeliness of the request to amend" is the second <u>Schur</u> factor. Defendant removed this case on June 19, 2020 and plaintiff moved to amend four days later. Timeliness weighs in favor of allowing the amendment.

The third <u>Schur</u> factor is "whether the plaintiff will be significantly injured if joinder is not allowed." As the above discussion makes clear, plaintiff will not be injured at all by denying joinder because Illinois law precludes recovery against the party he seeks to join. This factor weighs heavily against allowing joinder of Fofana.

The fourth <u>Schur</u> is "any other relevant equitable considerations." Given the lack of a claim against Fofana under Illinois law, allowing joinder and remanding the case would be an unnecessary burden on Fofana, a waste of the parties' time and money, and a waste of the state court's time. The fourth factor weighs against allowing joinder.

Having considered all the factors <u>Schur</u> articulates for evaluating a motion to join a nondiverse party pursuant to 28 U.S.C. § 1447(e), the court finds these factors strongly weigh against allowing joinder of the nondiverse party. Plaintiff's motions to amend [8] and to remand [7] are denied.

Date: 11/02/2020         ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)

3